UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
97 DEC 22 AM 9:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

JAMES ROBERT BUCKNER,         )
                              )
     Plaintiff,               )
                              )
vs.                           )   Civil Action No. 96-S-2222-NE
                              )
SUMMA TECHNOLOGIES, INC.,     )
                              )
     Defendant.               )
                              )

ENTERED
DEC 22 1997

## MEMORANDUM OPINION

This action is before the court on defendant Summa Technologies, Inc.'s motion for partial summary judgment. Upon consideration of the pleadings, briefs, and evidentiary submissions, the court concludes the motion is due to be denied.

### I. BACKGROUND

James Robert Buckner began employment with the Advanced Systems Division (ASD) of United Technologies in Huntsville, Alabama during 1992.[1] He was approached by E. C. "Pony" Lee, president and majority shareholder of defendant Summa Technologies, Inc. (Summa then was leasing, and later would purchase all assets of ASD) about working for Summa after the change in ownership. Lee offered Buckner a salary of $78,000, which Buckner rejected as too low. Buckner's ASD salary then was approximately $98,000 a year. Lee later sweetened the offer by promising Buckner a minimum bonus of $5,000, and, 5,000 shares of Summa stock. Lee memorialized the

---

[1] The court views the facts in the light most favorable to plaintiff, as it must. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970) Even so, what the court states as facts in this opinion "may not be the actual facts. They are, however, the facts for present purposes." Montoute v. Carr, 114 F.3d 181, 182 (11th Cir. 1997) (quoting Swint v. City of Wadley, 51 F.3d 988, 992 (11th Cir. 1995)). Additionally, the facts stated herein may not include some facts relevant to plaintiff's ADEA claim, which is not at issue in the pending motion.

revised offer on a "Post-It" note given to Buckner:

| | |
|---|---|
| SALARY | 78,000 |
| MIN BONUS | 5,000 |
| STOCK | 5,000 |

(Plaintiff's Exhibit 8 (the signature "E. C. Lee" appears in the bottom right-hand corner of the note).)

Buckner received two letters on May 29, 1992, both reiterating Lee's revised offer. Each letter was signed on Lee's behalf by Dave Cross, a Summa vice president. The first letter set Buckner's starting salary at "$78,000 per annum." (Plaintiff's Exhibit 9.) The second letter stated in pertinent part that:

> SUMMA Technology is pleased to offer as part of your overall compensation plan the following:
>
> 1. A minimum cash bonus of $5,000
> 2. A stock option to purchase stock of SUMMA Technology of 5,000 shares

(Plaintiff's Exhibit 5.) Buckner formally accepted the revised offer on June 2, 1992, by endorsing his signature on each letter. *Id.*

Three months later, Buckner and Summa entered into a second stock option agreement dated August 31, 1992. That agreement records that: "[Buckner] is a Key Employee, defined herein as an employee so designated by the Chairman of the Board of Directors of the Corporation, and has served the Corporation with diligence and contributed greatly to the Corporation's success." (Plaintiff's Exhibit 7 at 1.) The agreement further states that the second stock option was granted as "a matter of separate inducement and agreement, and not in lieu of salary <u>or any other compensation</u> for services." (*Id.* at 2, ¶ 1 (emphasis supplied).) Most importantly,

2

however, the second agreement provided that Buckner could exercise the stock option only within a twelve month window which opened "after sixty (60) months of full-time employment" with Summa. (*Id.* at 2, ¶ 2.)

Summa completed its purchase of ASD during September of 1992, and plaintiff thereafter began working for Summa as director of corporate quality and total quality management. His title later was changed to manager, but his duties remained the same throughout his term of employment.

Plaintiff neither received a $5,000 cash bonus nor an opportunity to purchase Summa stock in 1992, 1993, or 1994. His annual salary was reduced to $65,000 in September of 1994. He was notified that his employment was to be terminated on July 11, 1995.

Plaintiff asserts two claims against defendant: a claim under the Age Discrimination in Employment Act[2] (Count I); and a claim that Summa's failure to provide the promised cash bonus and stock option in any of his three years of employment constitutes a breach of contract (Count II). Defendant moves for summary judgment only as to Count II. In pertinent part, that count alleges:

> 18. Upon being hired by Summa, Plaintiff was promised, in addition to his salary, a bonus of a minimum of $5,000.00 and 5,000 shares of stock at $0.75 per share....
>
> 19. Plaintiff accepted the offer and began working at Summa, but did not receive the bonus or the opportunity to purchase the stock in 1992 or 1993.
>
> 20. In September 1994, Plaintiff's salary was reduced from $78,000.00 to $65,000.00. Plaintiff was told at the time that if he would remain employed with Summa that he would

---

[2] 29 U.S.C. §§ 621 *et seq.*

3

>        receive an opportunity to obtain bonuses equal
>        to the lost amount of salary.
>
>    21. At the end of 1994, Plaintiff did not receive
>        any promised bonus or opportunity to purchase
>        stock.    Summa's failure to provide the
>        promised bonus or stock in 1992, 1993, and
>        1994 constitutes a breach of its contract with
>        Plaintiff to provide the same.

(Plaintiff's Amended Complaint at 4.)

## II. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.*

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. *Id.* In determining whether this burden is met, the court must view the evidence "and all factual inferences arising from it in the light most favorable to the nonmoving party." *Id.* (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970)).

Once the movant's initial burden is met, the burden shifts to

4

the nonmoving party to point out "specific facts showing that there is a genuine issue for trial." *Id.* (quoting Fed. R. Civ. P. 56(e)). In meeting its burden, the nonmoving party may "avail itself of all facts and justifiable inferences in the record taken as a whole." *Id.* (quoting *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citations omitted)). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Allen*, 121 F.3d at 646 (quoting *Tipton*, 965 F.2d at 999 (citations omitted)). Even so, a "mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Id.* (quoting *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990)).

### III. DISCUSSION

In order to prevail on a breach of contract claim, plaintiff must prove: (1) the existence of a valid contract binding the parties in the action; (2) his own performance under the contract; (3) the defendant's nonperformance (breach); and (4) damages. *E.g., Southern Medical Health Systems, Inc. v. Vaughn*, 669 So. 2d 98, 99 (Ala. 1995) (citations omitted). Defendant's motion attacks plaintiff's proof on the first and third elements: *i.e.*, the existence of a valid contract; and, whether Summa breached the alleged contract.

Defendant's initial argument reveals that it has misconstrued plaintiff's breach of contract claim. Defendant avers that plaintiff is unable to present any evidence that his employment was not terminable at will. Thus, defendant argues, because

5

plaintiff's employment could be terminated for good reason, bad reason, or no reason at all, plaintiff may not challenge Summa's reduction of his salary and other benefits.[3] The court does not necessarily disagree with defendant's argument on this point, but finds it does not apply to plaintiff's claim. The breach for which plaintiff seeks a remedy is not defendant's reduction of his salary or his termination, but rather defendant's failure to pay his agreed salary, including the promised additional compensation, for services <u>already rendered</u>. While the employment-at-will doctrine permits changes in an employee's compensation at the employer's whim, it does not permit changes in compensation for services already performed. See *Paniagua v. City of Galveston*, 995 F.2d 1310 (5th Cir. 1995) ("That an employment contract is terminable at-will ... does not mean that an employer can promise to pay an employee a certain wage and then unilaterally decide to pay the employee less for work she has already done"). Thus, defendant's argument that plaintiff was an employee-at-will does not establish the absence of a genuine issue as to any material element of plaintiff's claim.

Defendant next argues that plaintiff's alleged contract violates Alabama's Statute of Frauds, providing that "[e]very agreement which, by its terms, is not to be performed within one year from the making thereof is void unless such agreement or some note or memorandum thereof expressing the consideration is in

---

[3] The court notes that defendant has cited *Shaddix v. United Insurance Co. of America*, 678 So. 2d 1100 (Ala. 1996) for that proposition. *Shaddix* does not provide this court with a binding statement of Alabama law, however, because the portion quoted by defendant is from Mr. Justice Hooper's separate opinion, dissenting from the court's denial of certiorari — a relevant fact not disclosed by defendant.

6

writing and subscribed by the party to be charged therewith." Alabama Code § 8-9-2(1) (1975). Defendant contends that, because plaintiff claims an annual entitlement to the promised salary and benefits, the contract based on those promises could not be performed within one year and must be in writing. Defendant further argues that plaintiff presents no proof of "substantial consideration for the [employment] contract separate from the services rendered." (Defendant's Brief in Support at 7 (quoting *Wright v. Dothan Chrysler Plymouth Dodge, Inc.*, 658 So. 2d 428, 430 (Ala. 1995). Again, defendant misunderstands plaintiff's claim. Plaintiff concedes that his contract was terminable-at-will. Accordingly, defendant's reliance on *Wright* and other cases setting forth the proof necessary to establish that an employment contract is not terminable-at-will is misplaced.

Moreover, as an employee-at-will, Buckner was subject to termination by Summa at any time during that first year. By those terms, then, the contract could have been performed within one year. *See Kitsos v. Mobile Gas Service Corp.*, 404 So. 2d 40, 42 (Ala. 1981) ("If a condition terminating a contract may occur within one year, this Court has said the contract is performable within one year, even though performance may in fact extend beyond that period"). Consequently, plaintiff's employment contract is not subject to the Alabama Statute of Frauds.

Even if this court construed plaintiff's employment contract as subject to the Statute, plaintiff has produced three writings, one signed by Lee and two others signed by an authorized agent of Summa, which, taken together, satisfy the Statute's writing

7

requirement. *See Wilma Corp. v. Fleming Foods of Alabama, Inc.*, 613 So. 2d 359, 362 (Ala. 1993) ("The Statute of Frauds does not require a formal or complete contract; rather a note or memorandum containing the essential elements of the agreement, signed by the party to be charged, is sufficient"). Plaintiff's evidence establishes the existence of a genuine issue of material fact as to the validity of the alleged contract.

Finally, defendant argues that plaintiff's failure to timely exercise the second stock option granted to him on August 31, 1992, renders defendant's contractual duty under that agreement moot.[4] While that may be true, it assumes, without support, that the only stock option granted to plaintiff was the one contained in this second agreement. Yet, plaintiff's breach of contract claim rests on his assertion, supported by three separate writings, that the employment contract entered into on June 2, 1992 granted him a stock option separate and distinct from the option granted in the August, 1992 agreement. Plaintiff asserts no claim to any option granted to him under the second agreement executed on August 31, 1992; thus, his failure to exercise that option is not relevant to his breach of contract claim. Defendant does not argue that the second agreement subsumes the first. Defendant merely argues that the second agreement is the only such agreement. Defendant has not, however, established that there is no triable issue on that point.

---

[4] Defendant argues, inexplicably, that this second stock option agreement permitted Buckner to exercise the option pursuant to a vesting schedule set out on page three of that agreement. Yet, the vesting schedule set out therein applies only "[i]n the event of termination for reasons of total and permanent disability or death" — conditions which do not apply to Buckner's termination. *See* Defendant's Exhibit 7 at 3, ¶ 4.

8

For the foregoing reasons, defendant's motion for partial summary judgment is due to be denied. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 22nd day of December, 1997.

United States District Judge

9